UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| AVA MARQUITSHA TEVERBAUGH STEELE, ) | | |
| ) | | |
| Plaintiff, | ) | |
| ) | | |
| v. | ) | No. 2:25-CV-268-PPS-AZ |
| ) | | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| ) | | |
| Defendants. | ) | |

## OPINION AND ORDER

Ava Marquitsha Teverbaugh Steele, representing herself, has sued the United

States of America, the Internal Revenue Service, and IRS Agent Krystal Tabb.

Teverbaugh Steele accuses Defendants of trespass and interference with her business

relationships for questioning her and for issuing a third-party summons to her bank to

investigate allegations she failed to pay her federal taxes. The United States, on behalf

of all three defendants, moves to dismiss for lack of subject matter jurisdiction,

sovereign immunity, and failure to state a claim. Teverbaugh Steele's complaint is

utterly meritless. It fails to articulate any cognizable federal claim, it is clear the Court

lacks subject matter jurisdiction, and Defendants are protected by sovereign immunity.

### Background

The allegations in the complaint are murky, but Teverbaugh Steele says

Defendants accused her of fraud and required her to attend an investigative hearing on

April 8, 2025. [DE 1 at 5–6.] She says she provided a decade of federal tax returns to

Defendants, who upon review claim she owed over $9 million in taxes. [*Id.* at 5.]

1

Teverbaugh Steele alleges Defendants also sent summonses to her tax accountants, relatives, and business associates concerning her business activities. [*Id.*] As one such example, Teverbaugh Steele attaches a copy of a summons issued by IRS Agent Tabb to the First Savings Bank of Hegewisch. [DE 1-1 at 1–2.] She also suggests Defendants, through cooperation with the Illinois Secretary of State, placed liens on her property. [DE 1 at 5.] Throughout her complaint, Teverbaugh Steele suggests Defendants have never proved she is subject to the jurisdiction of the United States or, consequently, required to file federal taxes. [*Id.* at 7.] Her articulated causes of action are not clear to the Court, but Teverbaugh Steele alleges two counts of "trespass" and requests declaratory and injunctive relief. [*Id.* at 7–9.]

The United States of America, on behalf of the IRS and IRS Agent Krystal Tabb, who appears to have been sued in her official capacity, move to dismiss Teverbaugh Steele's complaint for lack of subject matter jurisdiction under Rule 12(b)(1), for failure to state a claim under Rule 12(b)(6), and on sovereign immunity grounds.

### Standards of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege

2

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Rule 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see, e.g., Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg*, 813 F.Supp.2d 1069, 1073 (S.D. Ind. 2011). Federal courts are courts of limited jurisdiction, and this jurisdiction only extends to "Cases" and "Controversies." U.S. Const. art. III, § 2; *Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 660 (7th Cir. 2015). Thus, federal courts have developed various doctrines of justiciability. These rules collectively establish "the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary[.]" *Allen v. Wright*, 468 U.S. 737, 750 (1984) (internal quotation and citation omitted), abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014); *see also Silha v. ACT, Inc.*, 807 F.3d 169, 172–73 (7th Cir. 2015).

Courts distinguish between "facial" and "factual" challenges to subject matter jurisdiction brought under Rule 12(b)(1). *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–45 (7th Cir. 2009). In a "facial" challenge, the defendant "argues that the plaintiff has not sufficiently 'alleged a basis of subject matter jurisdiction,'" *Silha*, 807 F.3d at 173 (citing *Apex Dig., Inc.*, 572 F.3d at 443), and I apply the same standard applicable to a Rule 12(b)(6) motion to dismiss, *id.* at 174 ("[W]hen evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use

3

*Twombly-Iqbal*'s 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)."). By contrast, a "factual challenge" asserts that "'there is in fact no subject matter jurisdiction,' even if the pleadings are formally sufficient." *Id.* at 173 (citing *Apex Dig., Inc.*, 572 F.3d at 444). In this situation, I am allowed to "look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *See id.* To survive a factual challenge to the court's jurisdiction, the plaintiff must "come forward with 'competent proof'" establishing jurisdiction "by a preponderance of the evidence." *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003) (quoting *Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 856, 862 (7th Cir. 1996)).

Finally, as is relevant here, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

### Discussion

Teverbaugh Steele asserts two counts of "trespass" and requests declaratory and injunctive relief against the United States, a United States agency (the IRS), and a United States agent (IRS Agent Tabb). But "federal sovereign immunity bars suits against the United States, including suits against federal agencies or federal officials in their official capacities, unless Congress has waived this immunity." *Morgan v. Fed. Bureau of Prisons*, 129 F.4th 1043, 1049 (7th Cir. 2025). The Supreme Court has explained that "'[s]overeign immunity is jurisdictional in nature' and deprives courts of the

4

power to hear suits against the United States absent Congress's express consent."

*United States v. Miller*, 604 U.S. 518, 527 (2025) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471,

475 (1994)). Thus, Teverbaugh Steele must "identify both a statute that waives

sovereign immunity and a federal law that affirmatively confers subject matter

jurisdiction on the district court." *Scanlan v. U.S. State Farm Ins. Co.*, 743 F.Supp.2d 813,

816 (N.D. Ill. 2010).

Teverbaugh Steele provides scant detail concerning the legal basis for her claims

(for example, whether they arise under state or federal law) or this Court's jurisdiction

to hear them. She alleges "Defendants are hereby duly notified to come forth and

prove, evidence, their claimed jurisdiction," [DE 1 at 6], but Teverbaugh Steele has

things backwards. As the plaintiff in this case, Teverbaugh Steele is "the party invoking

federal jurisdiction [so she] bears the burden of demonstrating its existence[.]" *Hart v.

FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

I commend the government for its thoughtful efforts to construe Teverbaugh

Steele's complaint and identify her possible causes of action and bases for federal

jurisdiction. In the absence of any direction from Teverbaugh Steele in her complaint or

briefing, I too endeavor to identify and evaluate the plausible causes of action and

bases for jurisdiction that could map onto her complaint.

## I.      Request for Petition to Quash Summons Under 26 U.S.C. § 7609

Teverbaugh Steele's case stems, in part, from third-party summonses issued by

the IRS. She attached as an exhibit to her complaint one such summons issued by the

IRS to the First Savings Bank of Hegewisch. [DE 1-1 at 1–2.] The IRS may issue

summonses:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability.

26 U.S.C. § 7602(a). This includes the power to issue summonses to third parties, though the IRS must notify the taxpayer of its intention to do so. *Id.* § 7602(c). Section 7609 provides an avenue for taxpayers to object to third-party summonses issued by the IRS pursuant to 26 U.S.C. § 7602(a). Given her allegations concerning the IRS' issuance of summonses to the First Savings Bank of Hegewisch and others, one plausible construction of Teverbaugh Steele's complaint is as a petition to quash summons under 26 U.S.C. § 7609.

To the extent Teverbaugh Steele seeks relief under § 7609, the government brings a facial attack on jurisdiction under Rule 12(b)(1). For starters, § 7609's limited wavier of sovereign immunity permits petitions to quash summons issued only to third parties. Section 7609 "shall not apply to any summons . . . served on the person with respect to whose liability the summons is issued, or any officer or employee of such person[.]" 26 U.S.C. § 7609(c)(2)(A). Thus, § 7609 provides no avenue for relief concerning Teverbaugh Steele's allegations concerning IRS summonses issued to herself and on her businesses.

Teverbaugh Steele's allegations concerning the summonses issued to the First Savings Bank of Hegewisch and other third parties fare no better under § 7609. Petitions to quash third-party summonses must comply with the procedures laid out in

§ 7609(b). First, a person must file their petition to quash within 20 days of receiving notice of the third-party summons. 26 U.S.C. § 7609(b)(2)(A). Second, the petitioner must mail a copy of their petition to the third-party and the IRS within the same 20 days after receipt of the summons. *Id.* § 7609(b)(2)(B). The summons issued to First Savings Bank of Hegewisch is dated May 8, 2025. [DE 1-1 at 1.] The IRS was required to send Teverbaugh Steele a copy of this summons no later than 23 days before the listed June 2, 2025, date of inspection, which was May 10, 2025. 26 U.S.C. § 7609(a)(1).

Teverbaugh Steele has pled no facts to suggest when she received the summons or that she filed a petition to quash within 20 days of its issuance. This dooms § 7609 as a basis for her claims. "Strict compliance with the terms of section 7609(b)(2) is jurisdictional because the United States is consenting to waive its sovereign immunity from suit in the area of issuance of third party IRS summonses." *Yocum v. United States*, 586 F.Supp. 317, 318 (N.D. Ind. 1984) (granting dismissal).

Even if Teverbaugh Steele had pled sufficient facts to bring a petition to squash under § 7609, which would necessarily be limited to the summonses issued to First Savings Bank of Hegewisch and other third parties, she cannot seek monetary relief under that statute. "A violation of the procedural safeguards in § 7609 can be used to show that the challenged summons was issued in bad faith . . . but cannot serve as a basis for monetary relief." *Zajac v. Clark*, No. 2:13–cv–714–FtM–29DNF, 2015 WL 179333, at *8 (M.D. Fla. Jan. 14, 2015). Here, Teverbaugh Steele requests $15,750,000 in damages. Because she has not pled facts to suggest compliance with either procedural requirement of 26 U.S.C. § 7609(b)(2), she facially fails to establish a waiver of

7

sovereign immunity on this theory.

## II.    Federal Tort Claims Act

Teverbaugh Steele alleges two counts of "trespass" against the federal

government, which naturally leads me to the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 1346(b)(1). The FTCA provides both a grant of federal jurisdiction and a

limited waiver of sovereign immunity (under 28 U.S.C. § 2674) for tort claims against

the United States and federal employees. *See Clark v. United States*, 326 F.3d 911, 912–13

(7th Cir. 2003). "However, the FTCA incorporates several exceptions whereby the

United States retains its immunity from suit including § 2680(c), which, among other

things, exempts the government from liability for '[a]ny claim arising in respect of the

assessment or collection of any tax.'" *Id.* at 913 (citing 28 U.S.C. § 2680(c)).

The Seventh Circuit in *Clark* did not opine on the scope of § 2680(c) but looked

favorably upon other circuits that held "Congress intended to insulate the IRS from

tort liability stemming from any of its revenue-raising activities." *Id.* (quoting *Capozzoli*

*v. Tracey*, 663 F.2d 654, 657 (5th Cir. 1981)). To the extent Teverbaugh Steele attempts to

use the FTCA to bring her "trespass" claims against IRS Agent Tabb related to the

government's assessment or collection of her taxes, 28 U.S.C. § 2680(c) bars such a

claim and sovereign immunity has not been waived.

Teverbaugh Steele also claims she was "deprived of Claimants liberty" by the

government defendants, [DE 1 at 8], but the FTCA is inapplicable to that allegation

because it does not waive sovereign immunity for "constitutional tort claims." *F.D.I.C.*,

510 U.S. at 478. And finally, Teverbaugh Steele presents no evidence she filed an

administrative claim or exhausted her administrative remedies, a necessary perquisite

for an FTCA claim. *See* 28 U.S.C. § 2675(a). As a result, Teverbaugh Steele has failed to

plausibly allege facts that state a basis for subject matter jurisdiction.

### III.    Tax Refund Suit Under 28 U.S.C. § 1346(a)(1)

The government did not raise this in their briefing, but the Court independently

identifies and evaluates 28 U.S.C. § 1346(a)(1) as a basis for jurisdiction to hear

Teverbaugh Steele's claims. Section 1346(a)(1) waives sovereign immunity and grants

federal jurisdiction for:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1). Thus, Section § 1346(a)(1) permits suits against the federal

government for tax refunds of wrongfully collected taxes.

I find Teverbaugh Steele's allegations fail to state a basis for subject matter

jurisdiction under § 1346(a)(1). For starters, she does not seem to allege the government

wrongfully collected federal taxes. To the contrary, I understand Teverbaugh Steele to

allege Defendants are wrongfully trying to collect additional taxes. But more

importantly, Teverbaugh Steele may not sue under § 1346(a)(1) "until a claim for

refund or credit has been duly filed with the Secretary[.]" 26 U.S.C. § 7422(a).

Teverbaugh Steele has not alleged she filed a claim for refund or credit with the IRS.

Her allegation she has "for years asked [the IRS] to explain to Claimant what it means

to file, and sign tax form, with zero response", [DE 1 at 7], is insufficient. Because "[a]

timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit",

*Martin v. United States*, 833 F.2d 655, 658–59 (7th Cir. 1987), I lack subject matter

jurisdiction over this theory of relief.

## IV.    Improper Collection of Taxes Under 26 U.S.C. § 7433

I next attempt to construe Teverbaugh Steele's claim as a claim for damages due

to the improper collection of taxes under 26 U.S.C. § 7433. Congress waived sovereign

immunity when "in connection with any *collection* of Federal Tax" an IRS employee

recklessly, intentionally, or negligently, disregarded the tax code. 26 U.S.C. § 7433(a)

(emphasis added). Importantly, "§ 7433 allows taxpayers to sue the government for

violations of the tax code in the collection process itself but not for alleged violations of

law in assessing taxes." *Goldberg v. United States*, 881 F.3d 529, 534 (7th Cir. 2018).

Moreover, Teverbaugh Steele needed to exhaust her administrative remedies for the

waiver of sovereign immunity under § 7433(a) to attach. 26 U.S.C. § 7433(d)(1); *Amen*

*Ra v. United States*, 789 Fed.Appx. 555, 556 (7th Cir. 2020) (affirming dismissal for

failure to exhaust administrative remedies as required by § 7433(d)(1)).

It is not clear to the Court whether Teverbaugh Steele's vague allegations

concern the IRS' efforts to collect or assess her taxes. The summons issued to First

Savings Bank of Hegewisch and Teverbaugh Steele's attendance at the April 8, 2025,

meeting with IRS investigators seem to concern assessment of taxes and not collection.

*See Hohman v. Eadie*, 894 F.3d 776, 782 (6th Cir. 2018) ("The assessment involves the

decision to impose tax liability while the collection deals with the IRS attempting to

collect the taxes owed."). In any case, Teverbaugh Steele does not allege that she

exhausted her administrative remedies as required. I lack jurisdiction to consider

Teverbaugh Steele's claims under § 7433.

## V.    *Bivens*

I next consider Teverbaugh Steele's claims as a *Bivens* suit. In *Bivens v. Six*

*Unknown Named Agents of Fed. Bureau of Narcotics*, the Supreme Court recognized an

implied cause of action for money damages for a violation of constitutional rights. 403

U.S. 388 (1971). But "under *Bivens,* [a plaintiff's] suit can proceed against the [federal]

officials in their *individual capacities* alone." *Yeadon v. Lappin*, 423 Fed.Appx. 627, 629

(7th Cir. 2011) (emphasis added). Teverbaugh Steele takes issue with Tabb's issuance of

the summons to First Savings Bank of Hegewisch, but that is plainly an action taken in

Tabb's official capacity as an IRS agent. Moreover, the Supreme Court has cautioned

against extending *Bivens* to new contexts. *Egbert v. Boule*, 596 U.S. 482, 490–93 (2022).

This Court is aware of no rulings within the Seventh Circuit where a court permitted a

*Bivens* action against IRS agents related to tax collection or assessment. *See Cameron v.*

*I.R.S.*, 773 F.2d 126, 128 (7th Cir. 1985). *Bivens* is another jurisdictional dead end for

Teverbaugh Steele.

## VI.    Anti-Injunction Act

The Anti-Injunction Act provision of the IRS code prohibits, with limited

exceptions, a taxpayer from bringing suit "for the purpose of restraining the

assessment or collection of any tax[.]" 26 U.S.C. § 7421(a). "This ban against judicial

interference is applicable to both the assessment or collection of taxes and to activities

that may culminate in the assessment or collection of taxes, such as the issuing of

summonses for records." *Thibodeaux v. Controlled Sys. Corp.*, No. 96 C 5452, 1996 WL 734686, at *2 (N.D. Ill. Dec. 19, 1996). Here, Teverbaugh Steele's request that this Court "permanently enjoin Defendants from interfering in any way with Claimant's lawful right to negotiate and enter in lawful, or legal contracts" runs headlong into the Anti-Injunction Act. [DE 1 at 9.] Section 7433, discussed above, is the "exclusive remedy for recovering damages resulting from" the collection of federal taxes. 26 U.S.C. § 7433(a). The Court lacks subject matter jurisdiction to entertain Teverbaugh Steele's claim for injunctive relief to restrain the IRS' issuance of summonses for her records. *See Lewis v. BNSF Ry. Co.*, 671 Fed.Appx. 386, 387 (7th Cir. 2016) (affirming dismissal for lack of subject matter jurisdiction through operation of 26 U.S.C. § 7421(a)).

## VII.    Declaratory Judgment Act

In addition to damages and injunctive relief, Teverbaugh Steele requests four separate declaratory judgments against Defendants. [DE 1 at 9.] The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration", but there's a key exception for actions "with respect to Federal taxes[.]" 28 U.S.C. § 2201(a); *see also Com. Nat. Bank of Chi. v. Demos*, 18 F.3d 485, 490 (7th Cir. 1994) ("[T]he Declaratory Judgment Act, 28 U.S.C. § 2201, precludes a suit to declare a party's rights with respect to tax issues."). Teverbaugh Steele's requests for declaratory judgments related to the government's actions to assess or collect federal taxes are barred by the federal tax exemption to the Declaratory Judgment Act.

## Conclusion

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). In her response and unauthorized sur-reply in opposition to Defendants' motion to dismiss, Teverbaugh Steele provides no substantive response to Defendants' arguments. Instead, Teverbaugh Steele asserts plainly frivolous arguments that she need not cite any basis for federal jurisdiction because she has authority to sue "as one of the People", [DE 9 at 1–2], disclaims U.S. citizenship and any authority of the IRS to require her to pay federal taxes, [*id.* at 3, 7], and generally trots out the usual pablum of "sovereign citizen" catchphrases.

The Seventh Circuit and district courts across the country have repeatedly deemed these "sovereign citizen" theories frivolous. *See Dunbar v. Kiefer*, No. 25-1009, No. 25-1010, 2025 WL 1431438, at *1 (7th Cir. May 19, 2025); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("These [sovereign citizen] theories should be rejected summarily, however they are presented."). The irony is not lost on this Court that Teverbaugh Steele disclaims this Court's authority (she describes this Court as a mere "facilit[y] to run [her] right to sue" [DE 9 at 2]) while simultaneously demanding this Court grant her requested relief. Because Teverbaugh Steele's claims are plainly frivolous and any amendment to her complaint would be futile, this is the rare case in which dismissal with prejudice in the first instance is warranted.

For the aforementioned reasons, the United States' Motion to Dismiss [DE 4] is

**GRANTED**. Ava Marquitsha Teverbaugh Steele's Complaint [DE 1] is **DISMISSED**

**WITH PREJUDICE** for lack of subject matter jurisdiction and on sovereign immunity

grounds. The Clerk is **DIRECTED** to close this case.

    **SO ORDERED.**

    ENTERED: December 16, 2025.

                        /s/ Philip P. Simon
                        PHILIP P. SIMON, JUDGE
                        UNITED STATES DISTRICT COURT